BLOOMFIELD HILLS BOARD OF EDUCATION v MINER

Docket No. 54304. Submitted January 5, 1982, at Detroit.—Decided February 18, 1982. Leave to appeal applied for.

Susan Miner was discharged from her tenured teaching job when she failed to inform the Bloomfield Hills School District by April 1, 1979, as required by the district's collective-bargaining agreement, of her intention to resume her teaching position at the expiration of her maternity leave. Miner petitioned the State Teacher Tenure Commission for review of the school district's decision to terminate her employment. The commission ordered that Miner be reinstated with back pay, finding that she had not voluntarily terminated her employment. The Oakland Circuit Court, William J. Beer, J., upheld the findings and order of the commission and granted summary judgment in favor of Miner. Plaintiff, Bloomfield Hills Board of Education, appeals. *Held:*

The State Teacher Tenure Commission's findings are abundantly and clearly supported by competent, material and substantial evidence. The trial court did not err in affirming the commission's decision and order and granting summary judgment in favor of Miner.

Affirmed.

1. SCHOOLS — TENURED TEACHERS — TERMINATION OF EMPLOYMENT.

Mutual consent of the teacher and the controlling board of education is required before a tenured teacher's employment can be terminated (MCL 38.111; MSA 15.2011).

2. SCHOOLS — TENURED TEACHERS — TERMINATION OF EMPLOYMENT — TEACHER TENURE ACT.

The provisions of the teacher tenure act regarding discharge of a tenured teacher are to be strictly followed (MCL 38.101 *et seq.;* MSA 15.2001 *et seq.).*

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 68 Am Jur 2d, Schools § 168.
    Who is "teacher" for purposes of tenure statute. 94 ALR3d 141.
[3] 2 Am Jur 2d, Administrative Law §§ 456-458.

3. ADMINISTRATIVE LAW — APPEAL.

> Factual conclusions of an administrative agency in cases where a hearing is required may not be set aside by a reviewing court if such conclusions are supported by competent, material and substantial evidence on the whole record (Const 1963, art 6, § 28, MCL 24.306; MSA 3.560[206]).

*Clark, Hardy, Lewis, Fine & Pollard, P. C.,* for petitioner.

*Levin, Levin, Garvett & Dill* (by *Harvey I. Wax),* for Susan Miner.

Before: BASHARA, P.J., and T. M. BURNS and ALLEN, JJ.

ALLEN, J. If a contractually established deadline passes without a tenured teacher notifying the school district of the teacher's intent to return from a leave of absence, may the teacher's employment be terminated? This issue of first impression is before us in an appeal from a February 1, 1980, decision of the Teacher Tenure Commission ordering the reinstatement of defendant-appellee Susan Miner.

Miner was discharged from her tenured teaching job when she failed to inform the plaintiff school district by April 1, 1979, as required by the district's collective-bargaining agreement, of her intention to resume her teaching position at the expiration of her maternity leave. Miner petitioned the Teacher Tenure Commission for review and, on February 21, 1980, the commission ordered her to be reinstated with back pay, finding that she had not voluntarily terminated her employment. The commission's order and findings were upheld by the Oakland County Circuit Court in an order entered September 8, 1980, granting defendant's motion for summary judgment. After plain-

tiff's petition for a rehearing in circuit court was denied, it appealed by right to this Court.

The collective-bargaining agreement in effect in the Bloomfield Hills School District in 1979 provided for unpaid leaves of absence, including maternity leaves. The contract stated in Article XXIII, § E:

"Those individuals on leave of absence must inform the Personnel Office of their intent to return, or request an extension, if eligible, on or before April 1 of the school year during which the leave of absence is in effect * * *.

"Individuals on leave of absence who do not notify the Personnel Office on or before April 1 will be considered as having voluntarily resigned."

The teacher tenure act provides the following regarding termination of a teacher on leave of absence:

"* * * [N]o leave of absence shall serve to terminate continuing tenure previously acquired under this act." MCL 38.112; MSA 15.2012.

The act further provides that no teacher on continuing tenure shall terminate his or her services except by "mutual consent". MCL 38.111; MSA 15.2011.

Initially, we observe that the April 1 deadline for notifying the district of an intention to continue employment was a reasonable, negotiated condition of employment that is not inconsistent with the teacher tenure act's requirement of consent to terminate employment. We believe that this deadline was necessary to enable the district to anticipate personnel needs for the approaching school year. The teacher tenure act's requirement

of consent, however, remains, regardless of the contractual notice provision.

We must now decide whether Miner's failure to act by the April 1 deadline permitted the school district to infer her consent which was required by the teacher tenure act before she could be terminated.

The commission heard extensive testimony about the circumstances surrounding Miner's "resignation". Miner had been working as a tenured teacher with the Bloomfield Hills School District until January 7, 1978, when she began a maternity leave. In February 1978, she received a letter from the district informing her that, in accordance with the collective-bargaining agreement, she had to submit written notification of her intent either to return to work as scheduled or to extend her leave. She replied in writing that pursuant to the contract, she wished to continue her employment when her leave expired.

On January 2, 1979, defendant began a second maternity leave, which was scheduled to end in June, 1979. The letter granting her leave did not specify that notice of intent to return must be made by April 1. John Candela, the district's personnel director, said he mailed a form letter to miner in February, 1979, asking her to submit written notification of her plans pursuant to the contract. Miner testified that she did not receive this letter and Candela was unable to produce a copy of the letter at the hearings. Miner admits that she failed to notify the district by April 1, even though she knew there was "some" deadline, and states that she was awaiting notification of the deadline, similar to that she had received in the previous year.

On April 4, 1979, Miner received a letter from

Candela informing her that because she had failed to respond by the contractual deadline, it was assumed that she intended to relinquish her position. Miner immediately attempted to contact Candela, but was unable to reach him by telephone despite repeated attempts. She did, however, inform Candela's secretary on April 4, 1979, that she had no intention of resigning. Candela returned her telephone calls on or about May 1, and indicated that he was unable to restore her to her position, as he was "bound by the contract". Six days later, on Candela's recommendation, the board voted to terminate Miner's employment.

Paul Berriman, the executive director of the Bloomfield Hills and Rochester Education Association, testified that in years before 1979, Candela had submitted to him the names of teachers on leave who had not notified the district of their intent to resume employment. Berriman contacted those teachers before the April 1 deadline to remind them to submit the requisite notice. In 1979, however, Candela failed to provide Berriman with the list of teachers, so Berriman did not contact Miner.

On February 21, 1980, the tenure commission issued an opinion, finding, in part, that Miner did not intend to resign.

We now must determine whether a teacher's intention to continue her employment may be considered when the teacher has failed to notify the school district of that intention by the contractually established deadline.

The teacher tenure act clearly specifies that "mutual consent" is required before a tenured teacher's employment can be terminated. The provisions of the teacher tenure act regarding discharge of a tenured teacher are to be strictly

followed. *Rumph v Wayne Community School Dist,* 31 Mich App 555, 562; 188 NW2d 71 (1971), *rev'd on other grounds* 393 Mich 809 (1975).

The school district asks that we interpret the teacher's failure to respond by the contract deadline as *irrebuttable* evidence of consent. In effect, the school district asks that we make this a test case of whether or not a school district and a union may, in a collective-bargaining agreement, provide that failure to respond by a certain date *in every circumstance* is *irrebuttable* evidence of a teacher's consent to resign. On the limited facts before us, we decline to hold so broadly. To begin with, we do not find the relied upon language of Article XXIII, § E, quoted *supra,* as creating an irrebuttable presumption. The language reads "will *be considered* as having voluntarily resigned". It does not read "irrevocably considered", nor does it state that "failure of individuals on leave of absence to notify the personnel office on or before April 1 shall constitute voluntary resignation". Such provisions would create an irrebuttable presumption. The actual wording is less specific and lends itself to being interpreted as a rebuttable presumption of resignation which the teacher could overcome upon presentation of proof that she did not intend to resign.

The commission could and did properly consider Miner's testimony that she had not been reminded of the contractually required notice in determining whether the teacher had sufficient facts before her to make an informed consent. The absence of any reminder from the school district or the bargaining unit is strong evidence that Miner's inaction did not constitute consent to the termination of her employment.

Moreover, Miner's prompt action upon receipt of

the letter from Candela also supports the commission's conclusion that Miner did not consent to termination.

The scope of judicial review of factual determinations of administrative agencies, such as the Teacher Tenure Commission, is limited by Const 1963, art 6, § 28, and § 106 of the Administrative Procedures Act, MCL 24.306; MSA 3.560(206). Under those provisions, factual conclusions of an administrative agency in cases where a hearing is required may not be set aside by a reviewing court if such conclusions "are supported by competent, material and substantial evidence on the whole record". See also *Beebee v Haslett Public Schools (After Remand),* 406 Mich 224, 231; 278 NW2d 37 (1979).

In the instant case, the commission rejected plaintiff's claim that the collective-bargaining agreement irrevocably created a "mutual consent" to resign, and further found that, based on all of the testimony, Susan Miner did not intend to resign. The commission's findings are abundantly and clearly supported by competent, material, and substantial evidence. On appeal, the circuit court, after reviewing the briefs and record, granted summary judgment in favor of Susan Miner and affirmed the commission's decision and order. We find no error.

Affirmed. No costs, a public question being involved.